# Illinois Official Reports

## Appellate Court

---

### *Lurie v. Wolin*, 2017 IL App (1st) 161571

---

| | |
|---|---|
| Appellate Court Caption | DEREK LURIE and STEVEN LURIE, Individually and d/b/a American Escrow, LLC, Plaintiffs-Appellants, v. PHILIP S. WOLIN, Individually and d/b/a Wolin, Kelter & Rosen, Ltd., Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-16-1571 |
| Filed | September 19, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-L-013007; the Hon. Janet Adams Brosnahan, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Spellmire Law Firm LLC, of Chicago (George W. Spellmire, Jr., and Timothy J. McInerney, of counsel), for appellants.<br><br>Donohue Brown Mathewson & Smyth LLC, of Chicago (John J. Duffy, Karen Kies DeGrand, and Laura K. Coffey, of counsel), for appellees. |

PRESIDING JUSTICE NEVILLE delivered the judgment of the court, with opinion.
Justices Pierce and Mason concurred in the judgment and opinion.

**OPINION**

¶ 1    This case comes before us for a second time. In the prior appeal, we held that Derek and Steven Lurie's complaint adequately stated a cause of action against the defendants, Philip Wolin and Wolin, Kelter & Rosen, Ltd., for legal malpractice. We reversed the dismissal of the complaint. *Lurie v. Wolin*, 2014 IL App (1st) 130661-U. On remand, defendants asked the circuit court to reconsider the issue of whether it lost jurisdiction over the case before it entered the order we reviewed in the prior appeal. After an evidentiary hearing, the trial court found that the Luries' attorney filed documents with date stamps falsified to make the court believe that the attorney had filed the documents within the time permitted. The circuit court found that it had lost jurisdiction in 2011, before it filed the order we reviewed in the prior appeal, when the Luries failed to timely file a motion to reconsider the dismissal of the complaint with prejudice.

¶ 2    On appeal, the Luries argue that the law of the case doctrine barred relitigation of the jurisdictional issue and that the evidence did not support the finding that the circuit court lost jurisdiction in 2011. We agree with the Luries that the circuit court's original implicit ruling that it had jurisdiction became the law of the case. However, because the allegations supported a finding that the Luries' attorney perpetrated a fraud on the court, we find that the law of the case doctrine does not prevent us from considering the jurisdictional issue. The circuit court's finding of fact that the attorney falsified the documents is not contrary to the manifest weight of the evidence, and it supports the ruling that the circuit court lost jurisdiction over the case in 2011, before it entered the order we reviewed in the prior appeal. Accordingly, we affirm the circuit court's judgment dismissing the Luries' complaint.

¶ 3                                    BACKGROUND

¶ 4    The Luries formed American Escrow, LLC (American Escrow), to provide escrow services for homeowners. Derek hired the law firm of Wolin, Kelter & Rosen to represent American Escrow. In 2003, Derek discovered that American Escrow's chief financial officer, Caren Dietz, had embezzled funds from American Escrow.

¶ 5    The Luries consulted Wolin about how American Escrow should address the embezzlement and the loss of funds needed to pay its liabilities. Wolin, Kelter & Rosen, Ltd., represented American Escrow until February 2009. The states of Illinois and Ohio filed lawsuits in 2009 and 2010, charging that the conduct of American Escrow and its officers from 2003 to 2009 violated consumer protection laws. Illinois and Ohio courts entered default judgments against the Luries and American Escrow.

¶ 6    The Luries hired attorney, Richard Zachary, to assist them with a potential claim against Wolin, individually, and Wolin, Kelter & Rosen, Ltd., for legal malpractice. In October 2010, the Luries, through Zachary, filed a complaint against the defendants alleging that the Luries

followed Wolin's legal advice from 2003 through 2009, and Wolin's advice caused them to violate consumer protection laws.

¶ 7     The defendants filed a motion to dismiss the complaint. The circuit court dismissed the complaint without prejudice by order dated April 1, 2011. The court set May 9, 2011, as the date for filing an amended complaint. On July 8, 2011, the defendants filed another motion to dismiss the complaint, alleging that the Luries had not filed an amended complaint. The Luries filed no response to the motion to dismiss, but at the hearing on the motion, Zachary claimed that he gave the amended complaint to his employee for filing and that employee must have misfiled it. Zachary did not present a copy of the amended complaint to the court or to defense counsel. The circuit court granted the Luries an extension to August 18, 2011, to file the amended complaint.

¶ 8     Zachary did not file any documents between July 8 and August 18, 2011. No attorney for the Luries appeared at the hearing on August 18. The circuit court entered an order on August 18, 2011, dismissing the complaint with prejudice.

¶ 9     Zachary, sometime later, filed a motion to reconsider the order dismissing the complaint. The circuit court entered an order dated December 12, 2011, granting the defendants leave to respond to the motion to reconsider. On December 20, 2011, Zachary sent an e-mail to defense counsel, and he attached the motion to reconsider and the amended complaint to the e-mail. When Zachary presented the documents in court, the amended complaint bore a file stamp dated May 9, 2011, and the motion to reconsider bore a stamp indicating that Zachary filed it September 19, 2011.

¶ 10    Defendants attached to their response to the motion to reconsider certified copies of the official docket sheets for the case. The court's records showed that neither party filed any documents between the date of the order dismissing the complaint without prejudice—April 1, 2011—and the date of defendants' motion to dismiss the complaint—July 8, 2011. The court's records showed no filings dated May 9, 2011, or September 19, 2011. The court's records did not show any amended pleading or motion to reconsider filed before December 5, 2011. The court's records showed that Lurie did not pay the $60 fee for filing a motion to reconsider. See 705 ILCS 105/27.2a(g) (West 2010).

¶ 11    Defendants argued that the Luries did not timely file their amended complaint and they did not timely file the motion to reconsider the order that dismissed their complaint with prejudice. Defendants said, "Illinois law *** requires that this matter be dismissed because the motion to reconsider was not 'filed' by the September 19, 2011 deadline." In March 2012, at the hearing on the motion, Daniel Cozzi, counsel for defendants, again emphasized the evidence:

"[T]he official court docket sheets that we had certified by the court show that the motion to reconsider and the first amended complaint were never filed. The on-line docket said that they were never filed. The filing fee for the motion to reconsider was never paid. None of these documents were ever served on us. And when I went to look in the official court folder for this case, *** these documents didn't exist."

¶ 12    The court asked the clerk to check the court records. This exchange followed:

"[THE CLERK]: There is a file stamp on this, but there is no activity in the computer.

THE COURT: How is that possible?

[THE CLERK]: There was an order entered on April 1st granting leave to file an amended complaint ***. And there is no activity after that date until July 8th.
*** 

THE COURT: Just a minute. Look, I mean I can't believe that Mr. Zachary would attempt to do anything not consistent with the court rules. This document which I am looking at, it bears a file stamp, *** filed May 9th at 4:25 p.m. I have to assume that it was, in fact, filed. I don't know why it didn't make the docket, but I am treating it as filed."

¶ 13    The circuit court subsequently granted the motion to reconsider and set aside its order dated August 18, 2011, which dismissed the complaint with prejudice. Defendants filed a motion to dismiss the amended complaint. The Luries hired new counsel. In an order dated January 29, 2013, the trial court dismissed the complaint with prejudice, on grounds of unclean hands and collateral estoppel.

¶ 14    The Luries appealed. While the case remained pending on appeal, the Attorney Registration and Disciplinary Commission (ARDC) filed a complaint charging Zachary with misconduct. On January 29, 2014, the ARDC Hearing Board issued a report recommending that the Illinois Supreme Court should disbar Zachary for proven misconduct. The supreme court adopted the recommendation. According to the report the supreme court adopted, Zachary lied to one client about the progress of the client's case, failed to return an unearned fee to a second client, and neglected the cases of two other clients. The report stressed Zachary's "submission of a falsified e-mail Notice of Electronic Filing to the federal court, which resulted in his disbarment from the United States District Court for the Northern District of Illinois."

¶ 15    In the prior appeal in this case, defendants raised no jurisdictional issue in their appellee's brief. We found that the complaint adequately stated a cause of action against the defendants, in that the Luries "adequately alleged that they have unclean hands only because of defendants' bad legal advice, and, therefore, the defense of unclean hands does not justify dismissal of the complaint at the pleading stage." *Lurie*, 2014 IL App (1st) 130661-U, ¶ 26.

¶ 16    On remand, the defendants filed a motion for an evidentiary hearing on the issue of whether Zachary falsified the time stamps on the documents filed in this case. Defendants argued that the trial court lost jurisdiction over the case on September 19, 2011, when the Luries failed to file a timely motion to reconsider the order dated August 18, 2011, which finally dismissed the complaint with prejudice.

¶ 17    The Luries opposed the motion for an evidentiary hearing, arguing that the circuit court had already heard the evidence concerning the allegedly fraudulent time stamps and the court had rejected defendants' arguments. The Luries contended that the circuit court's ruling on the jurisdictional issue became the law of the case. The circuit court granted defendants' motion for an evidentiary hearing.

¶ 18    At the hearing, Zachary testified that he filed the amended complaint on May 9, 2011, as indicated by the time stamp, and he filed the motion to reconsider the dismissal of the complaint on September 19, 2011, as indicated by the time stamp. Zachary admitted that on May 10, 2011, and May 26, 2011, he received from defense counsel e-mails requesting a copy of the amended complaint Zachary filed on May 9, 2011. Zachary admitted that he responded to the e-mails, and he did not attach a copy of the amended complaint to either e-mail. He

claimed that "computer problems" made it impossible for him to send the amended complaint, although he could send e-mail. Defense counsel offered to send over a messenger to pick up a copy of the amended complaint. Zachary did not arrange to make a copy available for pickup.

¶ 19    Zachary also admitted that he did not pay the $60 filing fee required for motions to reconsider. He testified that when he filed the document, the clerk who took the document told him he did not need to pay the fee.

¶ 20    Cozzi testified that on December 20, 2011, his law firm finally received the amended complaint, file stamped May 9, 2011, and the motion to reconsider the dismissal of the complaint, file stamped September 19, 2011. Cozzi repeatedly checked the court docket to see whether the Luries had filed their amended complaint or the motion to reconsider. As of December 22, 2011, the docket showed no such filings.

¶ 21    In an order dated May 11, 2016, the circuit court held that the law of the case did not bar reconsideration of jurisdiction because of a "significant change in circumstances ***, namely that Zachary was found guilty of doing exactly what Defendants here previously suspected he had done—falsifying court documents and lying to judges, even while under oath." The court found:

> "Defendants presented clear and convincing evidence demonstrating that Zachary falsified court documents in this case, including the Second Amended Complaint stamped May 9, 2011, and the Motion to Reconsider stamped September 19, 2011. *** Defendants also presented evidence showing a pattern and practice of deception engaged in by Zachary, characterized by false representations and false or fabricated documents aimed at convincing various judges in various cases to excuse his neglect of legal matters, and copious evidence demonstrating Zachary's untruthfulness.
>
> ***
>
> *** Zachary engaged in fraud against the Court by misrepresenting that he had caused the Amended Complaint to be filed on May 9 ***. The evidence overwhelmingly demonstrates that the Second Amended Complaint and the Motion to Reconsider were falsified with fake file stamps; neither document was ever properly filed nor served."

¶ 22    The circuit court concluded that it lost jurisdiction to take any action after September 19, 2011, when the Luries missed the deadline for filing a motion to reconsider the dismissal of their complaint with prejudice. The court vacated all orders it entered after the August 18, 2011, order of dismissal and dismissed the case with prejudice. The Luries now appeal.

¶ 23                                    ANALYSIS

¶ 24    The Luries argue that the law of the case doctrine barred the circuit court from addressing on remand the issue of whether Zachary timely filed the Luries' motion for reconsideration of the August 18, 2011, order dismissing the complaint with prejudice. The Luries also argue that even if the circuit court had authority to reopen the issue, the evidence did not support the finding concerning the timeliness of the motion for reconsideration.

¶ 25                               Law of the Case

¶ 26    "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618

(1983). Courts refer to this principle as the law of the case doctrine. By protecting against relitigation of settled issues, "[t]his rule of practice promotes the finality and efficiency of the judicial process." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816 (1988). "The doctrine applies to questions of law and fact and encompasses a court's explicit decisions, as well as those decisions made by necessary implication." *American Service Insurance Co. v. China Ocean Shipping Co.(Americas), Inc.*, 2014 IL App (1st) 121895, ¶ 17. "The rule is that no question which was raised or could have been raised in a prior appeal on the merits can be urged on subsequent appeal ***." *Kazubowski v. Kazubowski*, 45 Ill. 2d 405, 413 (1970).

¶ 27    Defendants, citing *Rojas v. Illinois Workers' Compensation Comm'n*, 406 Ill. App. 3d 965 (2010), argue that the doctrine does not apply here because jurisdictional rulings cannot become law of the case. In *Wolfe v. Industrial Comm'n*, 138 Ill. App. 3d 680, 686 (1985), the court held that a jurisdictional ruling became law of the case because the circuit court had ruled on jurisdiction and the parties failed to challenge the ruling in an earlier appeal. See also *Board v. Industrial Comm'n*, 148 Ill. App. 3d 15, 17 (1986). The *Rojas* court rejected *Wolfe* and *Board*, reasoning that "the issue of subject matter jurisdiction may not be waived by the parties." *Rojas*, 406 Ill. App. 3d at 970-71. But the law of the case doctrine provides a basis separate from waiver for considering an issue finally settled. Federal courts "routinely apply law-of-the-case preclusion to questions of jurisdiction [citations] and do so even when the first decision regarding jurisdiction is less than explicit." *LaShawn A. v. Barry*, 87 F.3d 1389, 1394 (D.C. Cir. 1996). As the court said in *Ferreira v. Borja*, 93 F.3d 671, 674 (9th Cir. 1996), "[s]urely a court that has decided that it has jurisdiction is not duty-bound to entertain thereafter a series of repetitive motions to dismiss for lack of jurisdiction." Following *Wolfe*, *Board*, and the federal cases, we find that "there is no 'jurisdiction exception' to the law-of-the-case doctrine." *USPPS, Ltd. v. Avery Dennison Corp.*, 647 F.3d 274, 283 (5th Cir. 2011).

¶ 28    Defendants also argue that the law of the case doctrine does not apply here because defendants had no opportunity to challenge the circuit court's jurisdictional ruling on the prior appeal. In January 2013, the circuit court dismissed the Luries' amended complaint with prejudice, and the Luries appealed. On the appeal, this court could have affirmed the judgment "on any basis in the record, regardless of whether the trial court relied upon that basis." *Alpha School Bus Co. v. Wagner*, 391 Ill. App. 3d 722, 734 (2009); see *In re K.E.F.*, 235 Ill. 2d 530, 540-41 (2009) (finding that lack of jurisdiction required court to affirm dismissal of case, even though lower court may not have made jurisdictional ruling). The Luries' appeal in *Lurie*, 2014 IL App (1st) 130661-U, provided defendants a full opportunity to raise on appeal the argument that the circuit court lacked jurisdiction over the case after September 19, 2011, and that the appellate court should hold that the circuit court's lack of jurisdiction required the appellate court to affirm the dismissal of the case.

¶ 29    Next, defendants contend that the law of the case doctrine does not apply here because the circuit court never formally found that Zachary timely filed the motion for reconsideration of the August 2011 order dismissing the case. However, if Zachary had not timely filed the motion for reconsideration, the circuit court would have lost jurisdiction over the case on September 19, 2011. See *Brigando v. Republic Steel Corp.*, 180 Ill. App. 3d 1016, 1020 (1989). At the hearing in March 2012, defendants presented evidence and argued to the circuit court that the circuit court had lost jurisdiction when Zachary failed to timely file the motion

for reconsideration. The circuit court granted the motion for reconsideration and proceeded to make substantive rulings in the case. The rulings necessarily imply that the circuit court found that it had jurisdiction to make the rulings. See *People v. Sedlacek*, 2013 IL App (5th) 120106, ¶ 22; *Marcus v. Diulus*, 363 A.2d 1205, 1207 n.3 (Pa. Super. Ct. 1976). When defendants, on the appeal in *Lurie*, 2014 IL App (1st) 130661-U, failed to challenge the circuit court's jurisdiction, the circuit court's implicit ruling that it had jurisdiction became the law of the case. See *CNA International, Inc. v. Baer*, 2012 IL App (1st) 112174, ¶¶ 38-39.

¶ 30 However, the law of the case doctrine "is not a limitation on our power to revisit an issue in circumstances where facts have changed or where we determine that our initial decision was clearly erroneous and would work a manifest injustice." *Harris Trust & Savings Bank v. Otis Elevator Co.*, 297 Ill. App. 3d 383, 388 (1998). The doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson*, 225 U.S. 436, 444 (1912). "[A] court may depart from the law of the case to correct clerical mistakes, to clarify its opinion or mandate, to remedy fraud on the court or other misconduct, to avoid divergent results in cases pending simultaneously, or to minister to other similar aberrations." *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 585-86 (D.C. Cir. 1980). "There is firmly established in the law the doctrine confirming the power of a court to set aside at any time any mandate that was procured by effecting a fraud on the court." *Greater Boston Television Corp. v. Federal Communications Comm'n*, 463 F.2d 268, 278 (D.C. Cir. 1971). The effect of the fraud alleged here on the court's jurisdiction provides strong grounds for this court to address the jurisdictional issue, even though the circuit court's jurisdictional ruling in March 2012 has become the law of the case. *American Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). We exercise our discretion to consider defendants' jurisdictional argument. See *Greater Boston*, 463 F.2d at 278-79.

¶ 31                                  Manifest Weight of the Evidence

¶ 32 When the circuit court holds an evidentiary hearing to resolve a jurisdictional issue and the ruling depends on an assessment of the credibility of testimony presented in court, the appellate court will not disturb the circuit court's findings of fact unless those findings are contrary to the manifest weight of the evidence. *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 523-24 (1998). The circuit court here saw the exhibits defendants presented and heard the testimony of Zachary and Cozzi. The court found Cozzi credible and Zachary not credible.

¶ 33 The circuit court, in March 2012, held that it had to treat the stamped date as the date Zachary filed the motion for reconsideration, even though the court's docket showed no filing on or near the date of the file stamp. When the clerk told the court, "[t]here is a file stamp on this, but there is no activity in the computer," the court asked "How is that possible?" This court has recently answered the circuit court's question.

> "A document can be filed in person at the clerk's office by handing the document to an employee who stamps and retains it. But the clerk's office also has self-service kiosks where people can date-stamp their filings and leave them in a box (with that day's date on it) to be scanned later and placed into the court file. Judges and litigants have reported substantial delays between the date that self-stamped documents are placed in the box and the date that they actually appear on the clerk's electronic docket and in the court file. In such cases, the clerk's docket would not reflect the filing and there would be nothing in the court file until the self-stamped documents were scanned. To

- 7 -

complicate matters, no one from the clerk's office actually monitors the self-service kiosks to make sure those using them leave originals in the box. Thus, a party that wanted to be able to represent that it had filed something could date-stamp the filing at the self-service kiosk, but not leave it in the box and later blame the lack of entry in the clerk's docket on the clerk's office." *County Line Nurseries & Landscaping, Inc. v. Glencoe Park District*, 2015 IL App (1st) 143776, ¶ 38.

¶ 34   The circuit court here found that Zachary falsified documents, possibly in the manner described in *County Line*, by using "fake file stamps" to show the documents as timely filed when Zachary actually filed the documents several months beyond the deadlines. We cannot say that the circuit court's findings are against the manifest weight of the evidence particularly given the later-discovered evidence of Zachary's conduct in engaging in the same practice in federal court. The circuit court lost jurisdiction over the case when the Luries failed to file a timely motion to reconsider the judgment dismissing the complaint with prejudice. Accordingly, we affirm the circuit court's order dismissing the case.

¶ 35                                CONCLUSION

¶ 36   The circuit court's implicit ruling that it had jurisdiction over this case in 2012 became the law of the case when the parties failed to raise the jurisdictional issue in the prior appeal. The circuit court on remand held an evidentiary hearing and found that the Luries' attorney, Zachary, presented to the court documents with falsified date stamps that indicated timely filing of documents Zachary did not actually file until several months after the dates stamped. We hold that the circuit court's findings are not against the manifest weight of the evidence. Because Zachary perpetrated a fraud on the court, we address the jurisdictional issue and hold that the circuit court lost jurisdiction over the case in September 2011, when the Luries failed to file a timely motion for reconsideration of the final judgment. Accordingly, we affirm the circuit court's judgment dismissing the Luries' complaint.

¶ 37   Affirmed.