2021 IL App (2d) 191130-U
No. 2-19-1130
Order filed October 25, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | |
|---|---|
| PHOENIX NPL, LLC, as Successor in Interest to National Republic Bank of Chicago, | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | |
| v. | No. 15-L-446 |
| SHAILESH SHAH and BHAVNA SHAH, Individually and as Trustee of the Bhavna Shah Trust Under Trust Agreement Dated 3/24/06, LAW OFFICE OF PAUL CAGHAN, P.C., and LAW OFFICE OF PAUL CAGHAN, LLC, | |
| Defendants | Honorable |
| | Robert W. Rohm, |
| (Paul Caghan, Defendant-Appellant). | Judge, Presiding. |

PRESIDING JUSTICE BRIDGES delivered the judgment of the court.
Justices Zenoff and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in denying Caghan's section 2-1401 petition or his motion to reconsider the denial, Caghan lacked standing to challenge judgments against the underlying defendants, we had no basis to reverse the trial court's *nunc pro tunc* change to an order, and we found no error in the trial court's denial of Caghan's request to disqualify plaintiff's attorneys. Therefore, we affirm.

¶ 2    Defendant, attorney Paul Caghan, appeals from the trial court's dismissal of his petition

under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)), the denial of his motion to reconsider the aforementioned dismissal, and several other orders. On appeal, defendant argues that the trial court erred in dismissing the section 2-1401 petition, that summary judgment for plaintiff was improper as a matter of law, that the trial court erred in amending a judgment *nunc pro tunc* more than 60 days after its entry, and that the trial court erred in failing to disqualify plaintiff's attorneys. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4        On May 12, 2015, plaintiff, Phoenix NPL, LLC, as successor in interest to National Republic Bank of Chicago, brought suit against defendants, Shailesh Shah and Bhavna Shah, individually and as trustee of the Bhavna Shah Trust Under Trust Agreement Dated 3/24/06, as personal guarantors of a loan. Caghan entered his appearance as defendants' attorney on October 25, 2016.

¶ 5        On April 27, 2017, the trial court granted plaintiff's motion to strike all but one of defendants' affirmative defenses, and it granted plaintiff's motion to dismiss all of defendants' counterclaims. It also denied defendants' motion for leave to file second amended counterclaims. Defendants sought reconsideration of this ruling on November 6, 2017, and they also sought a stay of the case pending resolution of an alleged common issue in related federal cases. The trial court denied the motion to reconsider on February 15, 2018, but expressly reserved ruling on defendants' request to stay the proceedings. Defendants filed a notice of interlocutory appeal on March 16, 2018, on the basis that the trial court refused to grant an injunction in the form of their request for a stay of all proceedings. Plaintiff filed a motion to dismiss the appeal for lack of jurisdiction, and we granted the motion on May 1, 2018. Our mandate issued the same day. Defendants filed a

petition for leave to appeal to the supreme court on May 31, 2018, which was denied on September 26, 2018. The supreme court mandate issued on October 31, 2018.

¶ 6      On October 22, 2018, defendants filed a motion in the supreme court for a supervisory order pursuant to Illinois Supreme Court Rule 383 (eff. July 1, 2017), which the supreme court denied on November 8, 2018.

¶ 7      Meanwhile, on August 1, 2018, the trial court granted summary judgment in favor of plaintiff against defendants for $2,750,791.99. The order stated that a separate order under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2017) was entered that day with monetary sanctions in addition to the judgment amount. Finally, the order stated that the case was closed.

¶ 8      The order granting plaintiff's motion for sanctions under Rule 137 was actually entered on August 9, 2018. The trial court awarded plaintiff $129,375.09 against Caghan and the Law Office of Paul Caghan, P.C. It additionally awarded $10,000 against these parties and Shailesh Shaw. On October 11, 2018, plaintiff filed a motion to amend the order to add the Law Office of Paul Caghan, LLC, as a judgment debtor. The trial court granted the motion on October 15, 2018, stating that plaintiff should submit an order for entry. The order was entered on October 17, 2018, adding *nunc pro tunc* the Law Office of Paul Caghan, LLC, to both sanction amounts, and stating that the named parties were liable jointly and severally.

¶ 9      Several months later, on March 21, 2019, defendants and Caghan filed a section 2-1401 petition alleging that the August 1, August 9, October 15, and October 17, 2018,[1] orders were void

_____

[1] The section 2-1401 motion listed an order dated October 16, 2018, rather than October 17, 2018. The trial court's *nunc pro tunc* order was dated October 16, 2018, but filed on October 17, 2018. A written judgment order is considered entered when it is entered of record (*People v.*

for lack of jurisdiction because the supreme court had not yet returned the mandate when the trial court entered the judgments. Defendants argued that the revestment doctrine did not apply. Defendants further contested the grant of summary judgment and argued that the trial court should allow certain discovery.

¶ 10      On May 2, 2019, plaintiff filed a motion to dismiss the section 2-1401 petition under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)). Plaintiff argued that the petition was barred by *res judicata* and that the trial court never lost jurisdiction of the case.

¶ 11      On August 15, 2019, the Shah defendants withdrew their participation in the section 2-1401 petition, and the trial court granted plaintiff's motion to dismiss the petition as to Caghan. It stated that it did not believe that *res judicata* applied but that an interlocutory appeal filed without proper Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017) grounds did not divest the trial court of jurisdiction.

¶ 12      On September 13, 2019, Caghan filed a motion to reconsider various orders, including the August 15, 2019, order. Caghan also argued that plaintiff's attorneys should be disqualified. On December 2, 2019, Caghan filed an emergency motion to stay proceedings pending a final determination on his motion for disqualification of plaintiff's attorneys. The same day, the trial court denied the emergency motion with prejudice, and it denied Caghan's motion to reconsider.

¶ 13      Caghan filed a notice of appeal on December 23, 2019. In his brief's jurisdictional statement, he states that he is appealing the trial court's December 2, 2019, order denying his motion to reconsider the August 15, 2019, order that granted plaintiff's section 2-619 motion to

_____

*Perez*, 2014 IL 115927, ¶ 29), so we refer to this order as the October 17, 2018, order.

dismiss Caghan's section 2-1401 petition. Caghan points out that we have jurisdiction under Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016), which allows the appeal of an order granting or denying any relief requested in a section 2-1401 petition.

¶ 14                                    II. ANALYSIS

¶ 15                                    A. Jurisdiction

¶ 16    Caghan first argues that the trial court erred in dismissing his section 2-1401 petition, because the trial court lacked jurisdiction to enter the August 1, August 9, October 15, and October 17, 2018, orders, rendering these orders void. Caghan asserts that the trial court did not retain jurisdiction over the case during defendants' interlocutory appeal filed on March 16, 2018, because the interlocutory appeal was proper.

¶ 17    Plaintiff argues that this is the sixth appeal/request for review in this case that Caghan has filed in this court and/or the Illinois Supreme Court, and that the previous five were all either dismissed or denied outright. Plaintiff also argues that Caghan has a long history of sanctionable conduct and that he is currently seeking to delay plaintiff's collection action against him and pending criminal contempt charges. Plaintiff maintains that the trial court had jurisdiction to enter all orders at issue on appeal for many reasons, including because it did not rule on defendants' request for a stay, defendants' request for a stay was not clearly articulated, and defendants never sought a stay of trial court proceedings pending their interlocutory appeal. Plaintiff also argues that even if defendants' interlocutory appeal was proper, the trial court retained jurisdiction to hear and determine matters arising independent of and unrelated to the portion of the proceedings at issue on appeal (see *Payne v. Coates-Miller, Inc.*, 68 Ill. App. 3d 601, 608 (1979)), which would include the orders related to sanctions.

¶ 18     We note that the trial court granted plaintiff's motion to dismiss the section 2-1401 petition under section 2-619. A section 2-619 motion admits the sufficiency of the complaint but asserts an affirmative matter that defeats the claim. *Carroll v. Community Health Care Clinic, Inc.*, 2017 IL App (4th) 150847, ¶ 17. We review *de novo* the grant of a section 2-619 motion to dismiss. *Id.*

¶ 19     Section 2-1401 typically allows for relief from final orders and judgments more than 30 days but less than two years after their entry. 735 ILCS 5/2-1401 (West 2018). Under section 2-1401, a party may challenge a final judgment by bringing to the trial court's attention issues of fact outside the record which, if known when the judgment was entered, would have affected the judgment, or a party may argue that the judgment was legally defective. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. A party asserting a fact-dependent challenge must set forth specific factual allegations showing (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim in the original action; and (3) due diligence in filing the section 2-1401 petition. *Id.* ¶ 51. However, relevant to this case, the time limitation and aforementioned criteria do not apply if the section 2-1401 petition seeks to vacate a void judgment. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002); see also 735 ILCS 5/2-1401(f) (West 2018). Instead, "[t]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Id.* at 104. We review *de novo* the ruling on a section 2-1401 petition where it was denied or dismissed on legal grounds. *People v. Abdulla*, 2019 IL 123492, ¶ 13.

¶ 20     We conclude that Caghan's argument, that his March 16, 2018, appeal was proper and therefore divested the trial court of jurisdiction, is meritless because we dismissed that appeal for lack of jurisdiction. Thus, relitigation of the appeal's merits is precluded under the law of the case doctrine. See *People v. Coty*, 2020 IL 123972, ¶ 20 (in general, the law of the case doctrine bars

relitigation of an issue previously decided in the same case, such that the determination of a question of law by an appellate court in the first appeal may bind the court in a second appeal); see also *Lurie v. Wolin*, 2017 IL App (1st) 161571, ¶ 27 (the law of the case doctrine does not have a jurisdictional exception).

¶ 21    We also note that "[t]he filing of a notice of appeal from an order or judgment which the supreme court rules do not make appealable neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it." *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 24; see also *People v. Aleman*, 281 Ill. App. 3d 991 (1996) (notice of appeal was not proper at a particular stage of the proceedings, so it did not divest the trial court of jurisdiction). Defendant sought the interlocutory appeal of an unappealable order, such that the trial court never lost jurisdiction of the case, as it reasoned in granting plaintiff's motion to dismiss the section 2-1401 petition. There are important policy reasons why the trial court does not lose jurisdiction if a party appeals an unappealable order. As we stated in *In re Marriage of Levites*, 2021 IL App (2d) 200552, ¶ 48:

> "If the appeal from an unappealable order were to divest the trial court of jurisdiction while the appellate court sorted it out, and only upon the issuance of the appellate mandate would jurisdiction be restored to the trial court, then a bad-faith litigant could file a notice of appeal on any order, halt the proceedings in the trial court until the appellate mandate, and repeat the process over and over so as to prolong the action in the trial court indefinitely and drain the resources of the other litigant or litigants."

¶ 22    Caghan next argues that a mandate in the supreme court divests a lower court of jurisdiction until the mandate is returned, such that the trial court lacked jurisdiction during the time the mandate was in the supreme court. Caghan cites Illinois Supreme Court Rule 368 (eff. July 1,

2006) and related caselaw. Rule 368 states that when supreme court review is sought in cases not involving the appellate court modifying or setting aside an injunction:

> "the mandate is stayed automatically if, before it may issue, a party who is entitled to seek review by the Supreme Court files a petition in the Supreme Court for such review. The stay is effective until the expiration of the time to seek review, and, if review is timely sought, until disposition of the case by the Supreme Court. The Supreme Court, the Appellate Court, or a judge of either court may, upon motion, order otherwise or stay the mandate upon just terms." Ill. S. Ct. R. 368(b) (eff. July 1, 2006).

Additionally, "the Appellate Court, the Supreme Court, or a judge of either court may, upon just terms, stay the issuance of or recall any mandate of the Appellate Court until the time for seeking review by the Supreme Court expires, or if review is timely sought, until it is granted or refused, or if review is granted, until final disposition of the case by the Supreme Court." Ill. S. Ct. R. 368(c) (eff. July 1, 2006). Caghan argues that because the supreme court mandate did not issue until October 31, 2018, the trial court lacked jurisdiction to make its August and October 2018 rulings.

¶ 23    Plaintiff argues that Illinois Supreme Court Rule 305(b) (eff. July 1, 2017) applies directly to whether the trial court loses jurisdiction pending an interlocutory appeal. That rule, entitled "Stay of Judgments Pending Appeal," provides in relevant part that a trial court may stay enforcement of an interlocutory order. Plaintiff argues that even if Rule 368 applies, that rule provides that in cases involving injunctions, the trial court loses jurisdiction only upon an order of the court providing for such. Plaintiff further argues that an automatic stay only occurs if "a party who is entitled to seek relief by the Supreme Court" files a petition, but defendants were not

entitled to seek relief because the order appealed never formed the basis for a proper interlocutory appeal.

¶ 24    We conclude that Rule 305(b) is not directly applicable because it involves staying the enforcement of judgments rather than discussing the continuing jurisdiction of the trial court. Looking at Rule 368, we agree with plaintiff that it forecloses defendant's argument, though for a different reason. We disagree with plaintiff that in all cases involving injunctions, the trial court loses jurisdiction only upon order of the court. Rather, the rule limits this to "cases in which an injunction has been modified or set aside by the Appellate Court" (Ill. S. Ct. R. 368(b) (eff. July 1, 2006)), which is not the situation here. Further, Caghan was "a party who is entitled to seek relief by the Supreme Court" even if his appeal itself was without merit. Still, Caghan's argument is contrary to the rule's language. Rule 368 states that "the mandate is stayed automatically if, *before it may issue*, a party who is entitled to seek review by the Supreme Court files a petition in the Supreme Court for such review." (Emphasis added.) Ill. S. Ct. R. 368(b) (eff. July 1, 2006). We issued the mandate on May 1, 2018, and defendants did not file a petition for leave to appeal until May 31, 2018, which means that the mandate was not automatically stayed. Also, as discussed, the trial court never lost jurisdiction of the case because defendants appealed from an unappealable order.

¶ 25                          B. *Res Judicata*

¶ 26    One of the arguments that plaintiff set forth in its motion to dismiss the section 2-1401 petition was that the petition was barred by *res judicata* because the supreme court denied defendant's October 22, 2018, motion for a supervisory order. Caghan argues that *res judicata* does not serve as a basis for dismissing the section 2-1401 petition because the denial of a motion for supervisory order by the supreme court did not have the effect of a ruling on any issue. See

*People ex rel. Madigan v. Illinois Commerce Comm'n*, 407 Ill. App. 3d 207, 218 (2010). He also argues that the petition was based on a lack of jurisdiction in the trial court to enter the orders.

¶ 27    We have already determined that the trial court was not deprived of jurisdiction by virtue of defendants' appeal to this court or their May 31, 2018, petition for leave to appeal to the supreme court. This was also the basis for the trial court's dismissal of the section 2-1401 petition. The trial court stated that it did not believe that *res judicata* applied, and we also need not address this issue.

¶ 28                                    C. False Statements

¶ 29    Caghan next asserts in a five-sentence argument that the trial court erred in dismissing the section 2-1401 petition because the trial court failed to identify any false statement, which is required for Rule 137 sanctions.

¶ 30    Caghan did not make this argument in his section 2-1401 petition, thereby forfeiting this issue for review. See *People v. Thompson*, 2015 IL 118151, ¶ 39. Moreover, this issue does not raise a voidness challenge, and Caghan has not explained how it meets the criteria for section 2-1401, thereby also forfeiting this issue for review. See *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33 (a reviewing court is not a repository into which an appellant may dump the burden of argument and research, nor is it our obligation to act as an advocate, and the failure to clearly define issues and support them with authority results in forfeiture of the argument). Finally, Caghan's argument also fails on the merits, as a false statement is not necessary to impose Rule 137 sanctions. Ill. S. Ct. R. 137 (eff. Jan. 1, 2017); *In re Estate of Hanley*, 2013 IL App (3d) 110264, ¶ 81.

¶ 31    For all of these reasons, we find no error in the trial court's denial of Caghan's section 2-1401 petition, nor in the denial of his motion to reconsider that ruling.

¶ 32                        D. Summary Judgment and Affirmative Defenses

¶ 33    Caghan's next three arguments relate to the merits of the underlying action. He argues that summary judgment was defective and improper as a matter of law because there was no evidence of assignment to plaintiff, and because plaintiff's employment of the firm SmithAmundsen, LLC, made plaintiff aware of fraud claims involving National Republic Bank hotel loans. Caghan also argues that the affirmative defense of appraisal fraud and fraudulent inducement were viable and well-pleaded.

¶ 34    Plaintiff asserts that Caghan has no standing to make these arguments, and we agree. See *Knox v. Chicago Transit Authority*, 2018 IL App (1st) 162265, ¶ 20 (standing requires an injury in fact to a legally cognizable interest). Defendants were originally parties to the section 2-1401 petition but withdrew their participation in the motion on August 15, 2019, such that the only remaining proponent of the petition was Caghan. The rulings at issue were against defendants and were unrelated to the sanctions judgment entered against Caghan. Therefore, Caghan alone has no injury to a legally cognizable interest arising from those rulings and thus has no standing to raise these arguments on appeal.

¶ 35                          E. *Nunc Pro Tunc* Order

¶ 36    Caghan additionally argues that the trial court erred in attempting to amend the sanctions judgment *nunc pro tunc* more than 60 days after entry. Caghan maintains that the trial court's use of *nunc pro tunc* was improper because the remedy is limited to correction of errors by the clerk of the circuit court and cannot be used to remedy an attorney's failure to act.

¶ 37    Plaintiff argues that the trial court properly modified the sanctions order because just one month after plaintiff filed its motion for sanctions, Caghan dissolved his law firm, the Law Office of Paul Caghan, P.C., and immediately started a new law firm, the Law Office of Paul Caghan, LLC, which was organized on August 9, 2017. Plaintiff maintains that Caghan nonetheless

continued to file every pleading under the name of the Law Office of Paul Caghan, P.C., up until April 25, 2018. Plaintiff argues that the trial court granted the motion for sanctions on August 9, 2018, with the intention of entering sanctions against Caghan and his current law firm, and since Caghan had only listed the Law Office of Paul Caghan, P.C., the trial court entered judgment against that firm. Plaintiff states that it was only when the process server personally served Caghan and the P.C. firm with the citations to discover assets that Caghan told the process server that the firm no longer existed. According to plaintiff, this makes clear that Caghan's intention all along was to fraudulently continue to use the P.C. name in all pleadings to avoid a judgment against his current firm. Plaintiff cites *Beck v. Stepp*, 144 Ill. 2d 232, 238 (1991), for the proposition that the trial court had jurisdiction to modify its sanctions order, even though more than 30 days had passed, to correct and name the proper judgment debtor to reflect the court's true intent.

¶ 38     We note that in the section 2-1401 petition, Caghan argued that the October 17, 2018, *nunc pro tunc* ruling was void because the trial court lacked jurisdiction to enter it, an argument that we have already discussed and rejected. He did not raise his current argument, thus forfeiting it for review. See *Thompson*, 2015 IL 118151, ¶ 39. Caghan also cannot challenge the *nunc pro tunc* order directly because he did not timely appeal from that order. See Ill. S. Ct. Rule 303 (eff. July 1, 2017). Rather, Caghan has appealed under Rule 304(b)(3) (Ill S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016)), which allows for review of a ruling on a section 2-1401 petition.

¶ 39                          F. Disqualification of Plaintiff's Attorneys

¶ 40     Last, Caghan argues that the trial court erred in failing to disqualify two of plaintiff's attorneys. Caghan contends that the advocate-witness rule precludes one of the attorneys from acting as an advocate and witness in the same case, and that combining these roles can prejudice a tribunal. Caghan also argues that the attorney is an unreliable witness having made false

statements in open court and having committed forgery and aggravated battery while representing plaintiff. Caghan maintains that the second attorney must also be disqualified because if one member of a firm has a conflict of interest, the conflict is imputed to all members of the firm.

¶ 41 Plaintiff argues that we do not have jurisdiction over the subject December 2, 2019, order denying Caghan's motion to have its counsel disqualified. Plaintiff cites *Chicago Police Sergeants Ass'n v. Pallohusky*, 2017 IL App (1st) 162822, ¶ 15, where the court stated that an order is not final while a citation is still pending and supplemental proceedings are ongoing. Plaintiff highlights that on March 11, 2019, the trial court entered an order continuing the Caghan citation until further order of the court, and they assert that the trial court is still in the midst of contempt proceedings involving Caghan's conduct in the pending citation proceedings. Plaintiff also argues that Caghan has no standing to seek the disqualification of its attorneys under *Renard v. Columbia Broadcasting System, Inc.*, 126 Ill. App. 3d 563, 567-68 (1984), where the court stated that "[a]bsent a complaint by the affected client, a party has no status to object to the representation of an adverse party by an attorney of his choice." Last, plaintiff argues that based on Caghan's own admissions, many of the facts alleged in support of disqualification occurred in a separate case, and that there is no evidence that its counsel lied.

¶ 42 Caghan's argument fails for several reasons. First, as stated, Caghan is appealing under Rule 304(b)(3) (eff. Mar. 8, 2016), which allows the appeal of an order granting or denying any of the relief requested in a section 2-1401 petition, but his request to disqualify the attorneys was not part of his section 2-1401 petition. Second, as plaintiff notes, we lack jurisdiction over this ruling because Caghan's request to disqualify the attorneys occurred in the context of the citation proceedings against him, which are ongoing. *Pallohusky*, 2017 IL App (1st) 162822. Third, Caghan's motion in the trial court argued that the attorneys should be disqualified because they

had conflicts of interest with their client. We agree with plaintiff that a "party does not have standing to challenge opposing counsel's ability to represent a client without some showing that the representation adversely affects interests of the party challenging opposing counsel's representation." *In re Estate of M.L.*, 2018 IL App (3d) 170712, ¶ 27.

¶ 43 Finally, we generally review a trial court's ruling on a motion to disqualify an attorney for an abuse of discretion. *Jones v. Brown-Marino*, 2017 IL App (1st) 152852, ¶ 11. In order to assess whether the trial court abused its discretion, we would need to consider its reasons for denying the request, which are not delineated in the written order. We would therefore need to examine the report of proceedings for the hearing, but Caghan has not filed reports of proceedings with this court. As the appellant, Caghan has the burden to provide a sufficiently complete record of the trial proceedings to support his claims of error, and we must resolve any doubts arising from the lack of a complete record against the appellant, including presuming that the trial court's order was entered in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We acknowledge that Caghan has included a voluminous appendix to his brief that contains purported reports of proceedings, but "attachments to briefs not included in the record on appeal are not properly before the reviewing court and cannot be used to supplement the record." *Godfrey Healthcare & Rehabilitation Center, LLC v. Toigo*, 2019 IL App (1st) 170473, ¶ 49. Accordingly, even if we did not lack jurisdiction to review this issue, we would have to assume that the trial court properly denied Caghan's motion to disqualify plaintiff's counsel.

¶ 44                                        III. CONCLUSION

¶ 45 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 46 Affirmed.