2023 IL App (1st) 221735-U

SIXTH DIVISION
September 15, 2023

No. 1-22-1735

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| PRAHBAS MOKKAPAT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | Appeal from the |
| | ) | Circuit Court of |
| v. | ) | Cook County, |
| | ) | Law Division |
| GREENSCAPE HOMES – KPN LLC, GREENSCAPE | ) | |
| REALTY LLC, GREENSCAPE HOMES LLC, KPN | ) | No. 18 L 9016 |
| REAL ESTATE HOLDINGS LLC, MKJ HOLIDNGS | ) | |
| LLC, KENNETH P. NEUMANN, KEITH R. | ) | The Honorable |
| NEUMANN, JENNIFER BROST, KATHLEEN | ) | Thomas More Donnelly, |
| WASKO, ELIZABETH D. KOZAR, | ) | Judge, presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE TAILOR delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*: The judgment of the circuit court is affirmed. The circuit court did not err when it dismissed Mokkapat's section 2-1401 petition for relief from judgment and his motion to reconsider the dismissal thereof. Mokkapat forfeited his arguments regarding the denial of his motions for Rule 137 sanctions and access to Zoom recordings of hearings by failing to timely appeal.

¶ 2                                    I. BACKGROUND

¶ 3    This case stems from a failed new home purchase. Defendants build and sell homes in Cook and DuPage Counties. On February 27, 2017, plaintiff Prahbas Mokkapat entered into a contract with defendants to purchase a single-family home to be constructed in Arlington Heights, Illinois. Under the terms of the contract, Mokkapat was required to apply for a loan by March 6, 2017, and close on the property on October 16, 2017. However, as of August 8, 2017, Mokkapat's credit score was still not high enough to secure a loan. On November 27, 2017, defendants sent Mokkapat a notice of default. The notice indicated that because Mokkapat failed to secure financing and close on the purchase, the defendants intended to exercise their rights under the contract, including retaining the earnest money he had paid and remarketing the property for sale. Defendants eventually sold the property to a different buyer on May 25, 2018.

¶ 4    On August 21, 2018, Mokkapat filed a complaint in circuit court, alleging that defendants used inflated appraisals to fraudulently induce him to enter into the real estate contract. He alleged fraud, breach of contract, and a number of federal claims. The case was removed to federal district court, where the federal claims were dismissed with prejudice, and then remanded to the circuit court to address the remaining state law claims. The court granted Mokkapat leave to amend his complaint, which he did by filing his amended complaint on April 21, 2021.

¶ 5    On May 25, 2021, Mokkapat filed a Motion for Discovery Pursuant to Rule 191(b), asserting that he required certain discovery in order to respond to defendants' anticipated motion to dismiss. Mokkapat's discovery motion was prompted by defendants' motion for leave to file an oversized brief, which had appended to it defendants' proposed motion to dismiss.

¶ 6    Defendants filed their motion to dismiss Mokkapat's amended complaint on June 21, 2021. At a hearing held on July 26, 2021, the court denied Mokkapat's motion for discovery and instead,

ordered two of the defendants, Kenneth and Keith Neumann, to submit affidavits by August 19, 2021, to establish certain facts relating to any appraisal of the property for which Mokkapat had sought discovery. Due to a dispute over the precise wording of the court's verbal order as it pertained to the facts that the affidavits were required to include, the court issued a written order on August 5, 2021, clarifying the requisite contents of the affidavits, reiterating its denial of Mokkapat's motion for discovery, and continuing the matter for status on September 21, 2021. Defendants filed their affidavits on August 19, 2021.

¶ 7    On August 20, 2021, Mokkapat filed a "Motion for Stay of Proceedings, Amended Motion for Sanctions and Disqualification and Motion to Vacate the Order Entered August 5, 2021 and Further Relief," seeking (1) a stay of proceedings pursuant to Illinois Supreme Court Rule 305(b); (2) sanctions under Illinois Supreme Court Rule 219(c); (3) disqualification of defendants' counsel; and (4) rehearing or reconsideration of the court's August 5, 2021, order. That same day, Mokkapat emailed his motion to the court, and proposed several dates—in late August and early September—to present his motion. The court's case coordinator instructed Mokkapat to "present [his] motion on [his] next court date via Zoom video conferencing," because the court "d[id] not have earlier availability." We note that there is nothing in the record indicating that Mokkapat attempted to have his motion heard on an emergency basis.

¶ 8    On August 24, 2021, before presenting his motion to the court, much less receiving a ruling on it, Mokkapat filed a Notice of Interlocutory Appeal with this court, contending that he was appealing "the Rulings and Decisions by the Honorable Diane M. Shelley on August 20, 2021, granting, modifying or refusing to grant, dissolve or modify an injunction and further relief." However, the court did not issue any order on August 20, 2021, and Mokkapat did not attach an

order to his notice of interlocutory appeal. Defendants filed a Motion to Dismiss Based on Lack of Appellate Jurisdiction, which this court granted on December 21, 2021.

¶ 9    Meanwhile, back in the circuit court, Mokkapat's counsel failed to appear at the scheduled September 21, 2021, hearing. The court issued an order on September 27, 2021, which stated that "[a]lthough [Mokkapat] having failed to appear to present the motion filed, the court has reviewed the same. [Mokkapat] seeks the turn over of Zoom video recordings of court proceedings, and other relief that this court deems inappropriate." The court denied Mokkapat's motion, set a briefing schedule on defendants' motion to dismiss, and scheduled the next hearing for December 7, 2021.

¶ 10    Mokkapat failed to respond to defendants' motion to dismiss or to appear at the scheduled December 7, 2021, hearing. At the hearing, the court granted defendants' motion to dismiss, dismissed Mokkapat's complaint with prejudice, and stated, "this matter is disposed of and taken off call." The written order memorializing the court's rulings was issued on December 8, 2021. Mokkapat did not appeal the court's December 8, 2021, order.

¶ 11    More than five months later, on May 24, 2022, Mokkapat filed a section 2-1401 petition, requesting relief from the court's December 8, 2021, judgment. In it, he argued that the circuit court lacked jurisdiction to enter the order because jurisdiction had been transferred to the appellate court. Defendants filed a motion to dismiss the petition, and the parties sought sanctions against one another. On August 8, 2022, Judge Thomas More Donnelly dismissed Mokkapat's section 2-1401 petition and declined to impose any sanctions. The court concluded that,

"Although Mokkapat claims his appeal of the August 20, 2021 order strips the court of jurisdiction, the court did not enter an order on August 20, 2021. A void notice of appeal neither strips the trial court of jurisdiction nor vests the appellate court with jurisdiction.

4

*** Accordingly, the court denies Mokkapat's motion. It also denies both parties' motions for sanctions."

¶ 12 On August 22, 2022, Mokkapat filed a "Motion for Rehearing, Reconsideration, and to Vacate the Order Entered August 8, 2022, to Grant Plaintiff's Section 2-1401 Petition, for Entry of Rule 137 Sanctions Against Defendants and Counsel and Further Relief." Among other forms of relief, Mokkapat claimed that he was entitled to sanctions under Rule 137 because defense counsel committed forgery, wire fraud and computer fraud when she electronically transmitted through a computer a proposed order to the trial court that misstated the court's rulings on July 26, 2021, which, Mokkapat claims, he could prove if given access to the recording of the July 26, 2021, hearing over the Zoom application platform. On November 3, 2022, the court denied his motion. Mokkapat then timely appealed to this court.

¶ 13 Mokkapat argues that the circuit court improperly dismissed his section 2-1401 petition, because its December 8, 2021, order was void where the court lacked jurisdiction. He also argues that the trial court should have granted his motions for sanctions and access to the Zoom recordings.

¶ 14                                        II. ANALYSIS

¶ 15 A. The Circuit Court Did Not Err When it Dismissed Mokkapat's Section 2-1401 Petition

¶ 16 On May 24, 2022, Mokkapat filed a Petition Pursuant to Section 2-1401, seeking relief from the court's December 8, 2021, order, which dismissed his complaint with prejudice. He argues that the circuit court lacked jurisdiction to issue its December 8, 2021, order, because the Notice of Appeal he filed with this court on August 24, 2021, divested the circuit court of jurisdiction.

¶ 17    We review the trial court's dismissal of Mokkapat's section 2-1401 petition *de novo* because it was dismissed on legal grounds. *People v. Abdullah,* 2019 IL 123492, ¶ 13; *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 18    Section 2-1401 of the Civil Practice Act allows individuals to file petitions for relief from final orders and judgments more than 30 days but no later than two years after judgment is entered. 735 ILCS 5/2-1401(a), (c) (eff. May 13, 2022). However, section 2-1401 petitions are "not intended to give the litigant a new opportunity to do that which should have been done in an earlier proceeding or to relieve the litigant of the consequences of h[is] mistake or negligence." *In re Marriage of Himmel*, 285 Ill. App. 3d 145, 148 (1996).

¶ 19    Generally, in order to obtain relief under section 2-1401, a petition must set forth specific factual allegations demonstrating: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief. *Smith v. Airoom, Inc.,* 114 Ill. 2d 209, 220-21 (1986). However, if a section 2-1401 petition seeks to vacate a void judgment, it does not need to satisfy these requirements. *Sarkissian v. Chicago Board of Education,* 201 Ill. 2d 95, 104 (2002). Instead, "[t]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Id.*

¶ 20    "Generally, the timely filing of a notice of appeal divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *In re Marriage of Levites,* 2021 IL App (2d) 200552, ¶ 48. However, "[t]he filing of a notice of appeal from an order or judgment which the supreme court rules do not make appealable neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it." *Id.* (quoting *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 24).

¶ 21    In Mokkapat's first Notice of Appeal, which was filed on August 24, 2021, he asserted that he was appealing "the Rulings and Decisions by the Honorable Diane M. Shelley on August 20, 2021, granting, modifying or refusing to grant, dissolve or modify an injunction." Mokkapat contends that the "court's refusal on August 20, 2021 to schedule a hearing on [his] motion for stay of proceedings is an appealable order because it refuses to grant an injunction." However, the court never issued any "rulings" or "decisions" on August 20, 2021, or refused to schedule a hearing on his motion. After Mokkapat filed his motion on August 20, 2021, he emailed the court, requesting a date to present his motion. The court promptly responded that because it "d[id] not have earlier availability," Mokkapat should "present [his] motion on [his] next court date via Zoom video conferencing," which had already been set for September 21, 2021. Nothing in the record suggests that Mokkapat sought to be heard on an emergency basis or that the circumstances gave rise to an emergency. Thus, contrary to Mokkapat's assertions, the court never "grant[ed], modif[ied]] or refus[ed] to grant, dissolve or modify an injunction" or issued any rulings or decisions in connection with Mokkapat's motion on August 20, 2021. Consequently, this court dismissed Mokkapat's August 24, 2021, appeal "based on lack of appellate jurisdiction." The circuit court dismissed Mokkapat's section 2-1401 petition for the same reason. It reasoned that because it never entered an order on August 20, 2021, Mokkapat's "void notice of appeal" did not "strip[] the trial court of jurisdiction []or vest[] the appellate court with jurisdiction." We agree that Mokkapat's premature appeal–which he filed before the court even had an opportunity to hear and rule on his motion–did not "deprive[] the trial court of jurisdiction to proceed with the case nor vest[] the appellate court with jurisdiction to consider it." *North Community Bank*, 2015 IL App (1st) 133672, ¶ 24.

¶ 22    In *In re Marriage of Levites,* the court concluded that because an appeal from a non-final order was not made appealable by the supreme court rules, "it was essentially a nullity and did not deprive the trial court of its jurisdiction to proceed." 2021 IL App (2d) 200552, ¶ 48. The court reasoned that,

> "[i]f the appeal from an unappealable order were to divest the trial court of jurisdiction while the appellate court sorted it out, and only upon the issuance of the appellate mandate would jurisdiction be returned to the trial court, then a bad-faith litigant could file a notice of appeal on any order, halt the proceedings in the trial court until the appellate mandate, and repeat the process over and over so as to prolong the action in the trial court indefinitely and drain the resources of the other litigant or litigants." *Id*.

¶ 23    The same rationale defeats Mokkapat's present appeal. Because the circuit court did not enter an order on August 20, 2021, and did not even have an opportunity to consider Mokkapat's motion before he filed his notice of appeal on August 24, 2021, Mokkapat's appeal was "essentially a nullity and did not deprive the trial court of its jurisdiction to proceed." *Id.* See also *People v. Aleman*, 281 Ill. App. 3d 991, 1001 (1996) (finding that the notice of appeal did not divest the trial court of jurisdiction because the court's ruling "was not a final order from which a proper notice of appeal could be filed, but a court order which contemplated further proceedings" and therefore an appeal was "not proper at this stage of the proceedings"). We note that Mokkapat's counsel made this same argument in an appeal of another case, and it was similarly rejected by another division of this court. See *Phoenix NPL, LLC v. Shah*, 2021 IL App (2d) 191130-U, ¶¶ 20-21 (finding counsel's argument–that his appeal "divested the trial court of jurisdiction"–to be "meritless" because defendant "sought the interlocutory appeal of an unappealable order, such that the trial court never lost jurisdiction of the case"). Because

Mokkapat's August 24, 2021, appeal was improper, jurisdiction never vested with this court and the circuit court retained jurisdiction over Mokkapat's case. Accordingly, the circuit court's December 8, 2021, order is not void, and the trial court properly dismissed Mokkapat's section 2-1401 petition as well as denied his motion to reconsider such dismissal.

¶ 24    Under the same rationale, we also reject Mokkapat's argument that the trial court lacked jurisdiction under section 2-301 of the Code of Civil procedure. 735 ILCS 5/2-301 (eff. Jan. 1, 2018). Under section 2-301(a), a party may "object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process." However, Mokkapat never asserted that the court lacked jurisdiction over his person, nor could he as he is the plaintiff who commenced this action. Therefore, we find his bare assertion that section 2-301 supports his position on appeal is without merit.

¶ 25    B. Mokkapat Forfeited his Arguments about the Denial of his Motion for Rule 137 Sanctions and Access to the Zoom Recordings Because He Failed to Timely Appeal

¶ 26    As we note above, Mokkapat's August 20, 2021, filing, styled "Motion for Stay of Proceedings, Amended Motion for Sanctions and Disqualification and Motion to Vacate the Order Entered August 5, 2021 and Further Relief," requested various forms of relief from the court, including a stay of the proceedings, the imposition of sanctions on defense counsel, and the "immediate turnover to plaintiff's counsel of all Zoom Audio and Video Recordings of proceedings in this case on May 25, 2021 and July 26, 2021." However, after Mokkapat's counsel failed to appear at the scheduled September 21, 2021, hearing to present his motion, the court issued a written order on September 27, 2021, which stated that "[a]lthough [Mokkapat] having failed to appear to present the motion filed, the court has reviewed the same. [Mokkapat] seeks the

turn over of Zoom video recordings of court proceedings, and other relief that this court deems inappropriate." The court then denied Mokkapat's motion and Mokkapat did not file any interlocutory appeal. Mokkapat then failed to appear at the scheduled December 7, 2021, hearing, where the court granted defendants' motion to dismiss Mokkapat's complaint and stated that the matter was "disposed of and taken off call." The written order memorializing the court's rulings was issued on December 8, 2021. Mokkapat did not appeal the court's December 8, 2021, order either.

¶ 27    Supreme Court Rule 307(a) allows a party to appeal an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (West 2020). However, a party may choose to wait until after final judgment has been entered to seek review of the circuit court's interlocutory orders. *Salsitz v. Kreiss,* 198 Ill. 2d 1, 11 (2001).  Supreme Court Rule 303(a) requires a notice of appeal to be filed within 30 days from the entry of a final judgment. Ill. S. Ct. R. 303(a) (West 2022).

¶ 28    In this case, Mokkapat failed to appeal the court's September 27, 2021, order, which denied his request for a stay, for sanctions, and for access to Zoom recordings of various court proceedings. See *Rogers v. Tyson Foods, Inc.,* 385 Ill. App. 3d 287, 288 (2008) ("A stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a).") Mokkapat also failed to appeal the court's final judgment on December 8, 2021, which disposed of his case. Because Mokkapat failed to timely appeal, we lack jurisdiction to consider the court's denial of his motion for sanctions and access to Zoom recordings. See Ill. S. Ct. R. 606(b) (eff. March 12, 2021) ("the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from").

¶ 29 Mokkapat cannot use his section 2-1401 petition to revive his forfeited grounds for appeal. We have already determined that the court's interlocutory order denying Mokkapat's motion for sanctions and access to Zoom recordings was not void for lack of jurisdiction. That order became part of the final judgment dismissing his complaint. Because he failed to appeal from that dismissal order, Mokkapat could only seek to vacate that order by way of a section 2-1401 petition for relief from judgment if he could show that he exercised due diligence in filing his petition. See *Smith v. Airoom, Inc.,* 114 Ill. 2d at 220-21. However, Mokkapat failed to make any such showing. Therefore, Mokkapat is not entitled to relief from the order denying his motion for Rule 137 sanctions and access to the Zoom recordings. See *Davis v. Chicago Transit Authority*, 82 Ill. App. 3d 987, 989 (1980) (a section 2-1401 proceeding cannot "be invoked as a substitute for a timely appeal"); see also *In re Marriage of Himmel,* 285 Ill. App 3d at 148 (section 2-1401 proceedings are "not intended to give the litigant a new opportunity to do that which should have been done in an earlier proceeding or to relieve the litigant of the consequences of [his] mistake or negligence").

¶ 30 We therefore affirm the circuit court's judgment dismissing Mokkapat's section 2-1401 petition for relief from judgment and its order denying reconsideration thereof. In addition, we find that Mokkapat forfeited any arguments about the trial court's denial of his motion for sanctions and for access to Zoom recordings because he failed to timely appeal, and that he could not use a section 2-1401 petition to challenge the court's order because he failed to exercise diligence in filing his petition after his complaint was dismissed.

¶ 31                                    III. CONCLUSION

¶ 32 For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 33 Affirmed.